# Wruble *v.* Day, Appellant.

*Appeals—Quashing appeals—Sheriff's interpleader—Revocation of prior order.*

An order made during the pendency of proceedings on a sheriff's interpleader, revoking a prior order directing the sheriff to proceed to execution, is an interlocutory order from which no appeal lies.

Submitted Feb. 25, 1907.   Appeal, No. 10, Jan. T., 1907, by defendants, from order of C. P. Luzerne Co., Oct. T., 1905, No. 596, revoking prior order directing sheriff to proceed to execution in case of B. F. Wruble v. C. Day & Bro.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Appeal quashed.

Rule for sheriff's interpleader.

From the record it appeared that the court made the following orders :

Now, September 28, 1905, the rule for sheriff's interpleader having been made absolute on September 11, 1905, and more than two weeks having elapsed since that time, and the claimant, B. F. Wruble, having failed to file his statement of title together with a bond, as required by this honorable court and by law, the sheriff is directed to proceed with the execution.

Now, October 4, 1905, order of court made on September 11, 1905, is hereby reconsidered and rule reinstated and ordered to be placed on argument list for next term.

Now, October 4, 1905, rule in above case, which was made absolute on September 11, 1905, having been reinstated and ordered to be placed on argument list for next term, the order of court made on September 28, 1905, directing the sheriff to proceed with execution, is hereby revoked and set aside.

*Errors assigned* were the above orders of October 4, 1905, quoting them.

*James R. Scouton* and *L. A. Dymond*, for appellants.

*M. H. Salsburg*, *W. Alfred Valentine* and *G. F. Lazarus*, for appellee.—The order was interlocutory : Cupples Wooden

Ware Co. v. Howe, 164 Pa. 85; Mitchell on Motions and Rules, 30; Loomis v. Lane, 29 Pa. 242.

OPINION BY HEAD, J., October 7, 1907:

We think it manifest that the order or decree upon which the present appeal is founded was but an interlocutory order in a proceeding still pending and undetermined in the court below. When that issue shall have been tried it may result in a verdict and judgment in favor of the execution creditor, the present appellant.

Such a judgment would be a final one and furnish the basis upon which a valid appeal could be rested by the party aggrieved, who, in that event would hardly be these appellants. Should the final judgment be adverse to the defendants their right of appeal would then be unquestioned. They could then properly raise and be heard upon every question which they now seek to have disposed of.

Appeal quashed.