## Hoffer *v.* Carlisle Community Hotel Company (et al., Appellant).

Argued March 15, 1938. Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Joseph P. McKeehan,* for appellant.

*E. M. Biddle, Jr.,* with him *Hyman Goldstein,* for appellee.

PER CURIAM, April 13, 1938:

On June 12, 1937, on petition of the sheriff of Cumberland County, a rule was granted to show cause why an issue in interpleader should not be awarded to determine the ownership of certain personal property levied on by the sheriff under a writ of fieri facias issued on a judgment obtained by Charles C. Hoffer against Carlisle Community Hotel Company, which property was claimed by Carlisle Deposit Bank and Trust Company, Trustee.

On October 19, 1937 the court entered an order discharging the rule for an interpleader and directing the sheriff to surrender the property levied upon to the claimant. During the continuance of the term, and following a petition of the execution creditor to vacate temporarily the order of October 19, 1937, the court, on November 2, 1937, made the following order: "And now, November 2, 1937, the order made October 19, 1937, discharging the rule for interpleader, is hereby vacated, and claimant having objected to this order, an exception is granted." From this order the claimant appealed to this court.

The execution creditor has moved to quash the appeal on the ground that the order appealed from was interlocutory, and that there is no statutory authority for an appeal from such an interlocutory order.

The court of common pleas has power, on proper occasion, during the continuance of the term, to vacate an order found by it to have been improvidently en-

tered. Whether the action was proper may be inquired into when the rule, which was reinstated by such vacation, is finally disposed of.

The order of vacation was, in the circumstances, interlocutory, and no statutory authority for an appeal exists until the pending rule is discharged or, in case the rule is made absolute, the issue is tried and determined.

The practice is governed by our ruling in *Wruble v. Day*, 34 Pa. Superior Ct. 100, where an appeal from an interlocutory order in similar circumstances was quashed.

Appeal quashed.